## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARRELL D. WALKER,**
*also known as*
**Darryl D. Walker,**
**#15560-045,**

**Petitioner,**

       **vs.**                      **Case No. 16-cv-518-DRH**

**T.G. WERLICH,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Darrell D. Walker, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Walker was convicted and sentenced in the United States District Court for the Western District of Missouri for two counts of unlawful possession of a firearm and one count of unlawful possession of ammunition by a felon, all in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). *See United States v. Walker*, No. 02-cr-161-DW-1 (W.D. Mo. 2002). He challenges these convictions on jurisdictional grounds.

This matter is now before the Court for review of the § 2241 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The instant § 2241 petition (Doc. 1) does not survive preliminary review and shall be dismissed.

## I.   Background

On June 12, 2002, Walker was charged with one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). *See United States v. Walker*, No. 02-cr-161-DW-1 (W.D. Mo. 2002) ("criminal case") (Doc. 1). On February 3, 2003, a three-count superseding indictment expanded the charges against him to include two counts of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) (Counts 1 and 2) and one count of unlawful possession of ammunition for a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) (Count 3).[1] (Doc. 21, criminal case).

Walker was found guilty of all three counts following a jury trial on December 7, 2004. (Doc. 145, criminal case). On August 12, 2005, he was sentenced to 293 months of imprisonment on Counts 1 through 3, to be served concurrently, followed by five years of supervised release. (Docs. 153-54, 157, criminal case).

---

[1] Walker filed a motion to dismiss Count 3 as multiplicitous. The Western District of Missouri ordered the Government to choose only one of the two counts. (Doc. 1, p. 4). The Government appealed. *United States v. Walker*, No. 03-3773 (8th Cir. 2003). The United States Court of Appeals for the Eighth Circuit reversed, holding that simultaneous possession of a firearm (Count 2) and possession of ammunition for that firearm (Count 3) comprised two separate offenses.

He filed a direct appeal the same day. (Doc. 155, criminal case); *United States v. Walker*, No. 05-3349 (8th Cir. 2005). On appeal, Walker argued that the federal government did not have jurisdiction to create federal criminal firearms laws, and the Western District of Missouri therefore lacked jurisdiction to enforce the federal laws against him. The United States Court of Appeals for the Eighth Circuit affirmed Walker's conviction and sentence on May 2, 2007. *United States v. Walker*, 223 Fed. Appx. 516 (8th Cir. 2007).

Walker filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on October 27, 2008. (Doc. 171, criminal case); *Walker v. United States*, No. 08-cv-807-DW (W.D. Mo. 2008). He again challenged his conviction and sentence on the same jurisdictional grounds raised in his direct appeal. The Western District of Missouri denied the § 2255 motion on August 24, 2009. In its order, the district court stated:

> In his [§ 2255] petition, Movant argues that the federal government did not have jurisdiction to create federal criminal firearm laws and that this Court lacks jurisdiction to enforce the federal criminal laws against him in the instance [sic] case. Walker raised both of these challenges at the time of trial and again on his appeal, and they have been denied. *Walker*, 223 Fed. Appx. 516. He is therefore barred from relitigating these claims again in a § 2255 motion. *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992). Furthermore, to the extent Movant raises any new jurisdictional argument, (which the Court finds he does not), those arguments are contrary to the Eighth Circuit's previous ruling as to jurisdiction in this case, and are therefore without merit.

(Doc. 6). Walker's request for a certificate of appealability was subsequently denied. (Doc. 13).

Walker persisted in his efforts to challenge his convictions and sentence by

filing numerous motions in the Western District of Missouri. (Docs. 172, 179, 182, 188, 190, criminal case). The district court denied each motion. (Docs. 177, 181, 183, 196, criminal case). In its Order dated November 26, 2012, the district court barred Walker from "filing future motions seeking to void his judgment on any frivolous ground, including grounds already raised." (Doc. 196, criminal case).

Walker disregarded the Court's order and filed still another motion to set aside the judgment on August 4, 2014. (198, criminal case). The district court denied the motion less than two weeks later on August 13, 2014. (199, criminal case). In its dismissal order, the district court stated, "it is apparent that although the motion purports to invoke Rule 60(b), it is actually a second or successive Section 2255 motion for which Defendant has not obtained authorization to file from the court of appeals." (*Id*. at 2).

Still undeterred, Walker filed a Motion for Order to Recall Mandate the following year on September 28, 2015. (Doc. 200, criminal case). In it, Walker challenged his sentence as being "erroneously enhanced due to misapplication of the Armed Career Criminal Act [18 U.S.C.] § 924(e)(1) Residual Clause." (*Id*.) (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)). The district court denied this motion after again concluding that "Defendant's pleading is actually an unauthorized second or successive Section 2255 motion." (Doc. 201, criminal case). The instant § 2241 petition followed.

## II.    Habeas Petition

In his § 2241 petition, Walker sets forth virtually the same arguments he previously raised in his direct appeal, his collateral proceedings, and numerous post-judgment motions. (Doc. 1, pp. 1-13). Walker again argues that the Western District of Missouri lacked jurisdiction to enforce federal criminal firearms laws against him because the federal government lacked authority to create those laws under the Commerce Clause. He further contends that 18 U.S.C. § 922(g) is unconstitutionally vague because it contains no jurisdictional element which ensures that a defendant's firearm possession affected interstate commerce (Doc. 1, pp. 5-12). Walker maintains that his possession of a firearm was unrelated to interstate commerce because he did not personally participate in interstate movement of the firearm. (Doc. 1, p. 7). In support of the constitutional vagueness argument, Walker cites *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) and *Welch v. United States*, 136 S. Ct. 1257 (April 18, 2016), as well as several cases the pre-date his original conviction and sentence. *See, e.g.,* *Jones v. United States*, 529 U.S. 848 (2000); *United States v. Lopez*, 514 U.S. 549 (1995); *United States v. Bass*, 404 U.S. 336 (1971).

## III.   <u>Discussion</u>

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to

file his challenge in the district that imposed the criminal sentence on him. *See* 28 U.S.C. § 2255(a). In this case, Walker is clearly attacking his convictions in the Western District of Missouri. Therefore, he should have filed a § 2255 motion in the sentencing court. Walker, of course, filed many motions in the Western District—so many, in fact, that he was ordered to stop filing frivolous and unauthorized second or successive § 2255 motions. For this reason, he now claims that § 2255 is unavailable to him.

Walker misapprehends the meaning of "unavailable" in this context. It is true that § 2255 includes a narrow exception, which allows a federal prisoner to file a petition under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). To proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in § 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

Walker fails to satisfy any of the *Davenport* requirements. He makes the same arguments in his § 2241 petition that he previously made in his direct appeal, first § 2255 motion, and numerous unauthorized second or successive § 2255 motions. He had ample opportunity to correct any defect in his convictions or sentence by raising his jurisdictional arguments in prior judicial proceedings. The fact that he was unsuccessful does not render § 2255 inadequate or ineffective.

Further, Walker points to no change in the law that is on point. The only Supreme Court decisions he cites that post-date his convictions and sentence are *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), and *Welch v. United States*, 136 S. Ct. 1257 (April 18, 2016). These decisions have little to do with his § 2241 petition.

Both *Johnson* and *Welch* address the "residual clause" of the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e). Federal law prohibits a felon from possessing a firearm. 18 U.S.C. § 922(g). A person who violates this law can be sentenced to prison for up to ten years. 18 U.S.C. § 924(a)(2). The Act increases this punishment to a minimum sentence of fifteen years and a maximum sentence of life in prison for a person in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The Act defines a "violent felony" as:

. . . any crime punishable by imprisonment for a term exceeding one year . . . that –

    (i)     has, as an element, the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The end of subsection (ii), *i.e.*, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is referred to as the "residual clause." In *Johnson*, the Supreme Court struck down the "residual clause" as being unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *See Welch*, 136 S. Ct. at 1265; *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

    Walker's § 2241 petition has nothing to do with the "residual clause." He broadly challenges the powers of Congress to regulate firearms and, more specifically, his particular conduct. This is the same jurisdictional challenge he has been raising for years. Having failed to satisfy any of the *Davenport* requirements, the Court finds that the "savings clause" under § 2255(e) offers Walker no avenue to relief under § 2241. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the § 2241 petition shall be dismissed with prejudice.

## IV.   <u>Disposition</u>

    **IT IS HEREBY ORDERED** that based on the foregoing discussion, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[2] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 26, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.06.26 07:47:43 -05'00'

**United States District Court**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).